## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    Criminal No. 19-134 |
| | : |
| TERRY KENNETH SUGGS, JR. | : |

### MOTION FOR SUPPRESSION OF EVIDENCE

Defendant Terry Suggs, Jr., by and through his attorney, Robert Gamburg, Esquire, respectfully requests this Honorable Court to suppress any evidence recovered from the Subaru Tribeca (hereinafter Subaru), as well as any testimony relating to any such evidence. Defendant avers that the evidence is the fruit of an unlawful arrest and is an unlawful, warrantless seizure and subsequent search of the Subaru, all of which violated the Defendant's rights pursuant to the Fourth Amendment of the United States Constitution. In support of the Motion to Suppress, Mr. Suggs relies on the within Motion to Suppress and Brief in Support of the Motion to Suppress attached hereto:

1. Defendant was indicted and charged with Conspiracy to Distribute and Possess with the Intent to Distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A)(ii) and §841(b)(1)(A)(viii), and possession with the intent to deliver cocaine, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A)(ii) and §841(b)(1)(A)(viii).

2. The charges arise out of a State investigation that was subsequently adopted by the Federal Government.

3. Defendant was arrested on February 25, 2019 and charged with Possession with the intent to deliver and related offenses by local law enforcement in Allegheny County, PA.

4. Prior to the case being adopted by the Government, on March 5, 2019, the defendant had a preliminary hearing. Detective Bonacci testified for the Commonwealth.

5. Detective Bonacci testified that on February 25, 2019, an alleged "confidential informant" ordered five kilograms of cocaine from an individual, **not the defendant herein, Terry Suggs**, utilizing a phone.

6. The call was placed between the hours of 11 am and 12 pm; the "confidential informant" and the other person agreed to meet at approximately 4 pm, on the same date, at a prearranged location.

7. There is no evidence this "confidential informant" had ever been utilized by the police, nor is there any evidence that he or she had been reliable in the past.

8. Despite at least a four-hour opportunity to obtain video or audio equipment, there is no evidence that the police set up audio or video surveillance of the meet location.

9. Police officers surveilled the other party upon his arrival at the meet location, noting that he was driving a Chevrolet Traverse. This person, who was not the defendant, arrived at the meet location alone. There was no information that anyone else would be present, nor was there any information concerning the defendant or any other person.

10. The defendant herein, Terry Suggs, was allegedly parked across the street from the meeting place in a Subaru; he allegedly exited the Subaru and got into the Traverse.

11. No transaction between the "confidential informant" nor any other person ever occurred. Rather, shortly after defendant Suggs entered the Traverse, police officers, without an arrest warrant or search warrant, boxed the Traverse in, and arrested both Mr. Suggs and the other party. Subsequent to the arrest, the officers seized the Subaru and

towed it to a police lot. There was no search warrant issued or applied for at the time of the seizure.

12. The defendant was arrested, without probable cause and in violation of the defendant's constitutional rights pursuant to the 4th Amendment to the United States Constitution. The defendant and the Subaru were seized, without a warrant, and transported to a police station, without probable cause, in violation of the Defendant's constitutional rights.

13. Police allegedly recovered five kilograms from the Traverse in a hidden compartment. Police also searched the Subaru, and allegedly recovered eighteen kilograms of cocaine from a hidden compartment in the back.

14. The arrest of the defendant and the seizure and subsequent search of the Subaru violated the defendant's constitutional rights as more fully set forth in the accompanying brief.

WHEREFORE, Defendant Terry Suggs prays that this Honorable Court grant the within motion.

Respectfully submitted,

*/s/ Robert M. Gamburg*
By: Robert M. Gamburg, Esq. (Pa. ID 68808)
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102

*Counsel for Defendant*

Dated: July 8, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 19-134 |
| | : |
| TERRY KENNETH SUGGS, JR. | : |

## ORDER

**AND NOW,** this _____ day of _____, 2019, upon consideration of the Defendant's Motion to Suppress, the Defendant's Brief in Support of the Motion to Suppress, the Government's Response, if any, and the testimony taken, it is hereby **ORDERED and DECREED** that the Motion is Granted. Any and all evidence recovered as a result of the Defendant's arrest and seizure and subsequent search of the Subaru taken in violation of the Defendant's 4th Amendment rights is hereby **SUPPRESSED** and is not admissible in any proceeding.

BY THE COURT:

_____
THE HONORABLE JOY FLOWERS CONTI
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA