## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 19-134 |
| | : | |
| TERRY KENNETH SUGGS, JR. | : | |

### REPLY BRIEF RE SUPPRESSION MOTION

### TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  There was no probable cause to arrest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. The warrantless seizure of the Subaru was unlawful. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  The community-caretaking exception is inapplicable because there was no need
     to tow the Subaru to protect the community . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.  The motor-vehicle exception is inapplicable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. The Government fails to justify its demand to deprive Mr. Suggs of an evidentiary
     hearing on his suppression motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**Cases**

*Byrd v. United States*,
   584 U.S. __, 138 S. Ct. 1518, (2018) .................................................................. 4

*Maryland v. Dyson*,
   527 U.S. 465, 467 (1999) .................................................................................... 6

*Pennsylvania v. Labron*,
   518 U.S. 938 (1996) (*per curiam*) ...................................................................... 6

*United States v. Bailey*,
   840 F.3d 99 (3d Cir. 2016) ............................................................................. 2–3

*United States v. Gibbs*,
   190 F.3d 188 (3d Cir. 1999) ................................................................................ 2

*United States v. Proctor*,
   489 F.3d 1348 (D.C. Cir. 2007) .......................................................................... 6

*United States v. Smith*,
   522 F.3d 305 (3d Cir. 2008) ................................................................................ 5

*United States v. Valencia-Amezcua*,
   278 F.3d 901 (9th Cir. 2002) .......................................................................... 3–4

**ARGUMENT**

The Government's brief fails to justify the illegal arrest of Defendant Terry Suggs and the warrantless seizure of the Subaru, requiring suppression of all evidence against Mr. Suggs.

**I.     There was no probable cause to arrest.**

In his opening brief, Mr. Suggs challenged the existence of probable cause to arrest him for either drug possession or conspiracy to sell drugs. The Government offers no response to his argument that there was no probable cause to conclude that he possessed drugs. Instead, the Government rests on its claim that there was probable cause to conclude that Mr. Suggs conspired with his co-defendant Jermaine Clark.

At the same time, the Government offers almost no evidence at all about Mr. Suggs to support that conclusion. At pages 6–7 of its brief, the Government offers a list of 12 items to allegedly prove that there was probable cause of conspiracy. The first eight of those items have literally nothing to do with Mr. Suggs. Instead, the Government relies on its supposed evidence against Clark. But, regardless of the strength of the Government's case against Clark, what matters here is probable cause as to Mr. Suggs.

On that issue, the Government offers almost no evidence. As to Mr. Suggs's alleged conduct, the Government says only that he arrived at the scene of the alleged drug sale, entered Clark's car, and denied owning the Subaru after he was arrested. This scant evidence is grossly inadequate to establish probable cause to believe that Mr. Suggs conspired with Clark to sell drugs. It would not even support a hunch.  As outlined in Mr. Suggs's opening brief, it provides no evidence establishing probable cause to believe that Mr. Suggs committed even a single element of conspiracy.

The Government's bare-bones argument to the contrary at page 7 is literally *two sentences*

without any meaningful analysis of caselaw. The Government asserts baldly that there was a conspiracy and cites to the importance of the "training and experience" of law enforcement officers. To support its position, the Government offers only conclusory citations to three circuit cases outlining general principles of law.

Considering the actual facts and analysis of the Government's cases instead of snippets of statements of law, none of the cases support the Government's position. The Government cites two Third Circuit cases, both of which find adequate evidence of conspiracy only where the defendants purchased drugs from conspirators and worked to further the conspiracy's goals—none of which happened here.

For instance, in *United States v. Gibbs*, 190 F.3d 188 (3d Cir. 1999), the defendant admitted that he purchased drugs from members of a drug-dealing organization. The defendant contended that he was not, however, a member of the conspiracy but rather its customer. The Third Circuit rejected the defendant's argument that there was insufficient evidence that he was a member of the conspiracy. It noted that:

   (1)   the defendant purchased a large amount of drugs—not a personal-use weight—from the ringleader of the conspiracy;
   (2)   the defendant was willing to assault someone on behalf of the ringleader to protect his drug "connect";
   (3)   the defendant discussed the production of crack cocaine with the ringleader as part of a "working relationship";
   (4)   the ringleader was willing to sell drugs on creditor to the defendant; and
   (5)   the defendant discussed business plans with the ringleader.

*Id.* at 200–203.

Similarly, in *United States v. Bailey*, 840 F.3d 99 (3d Cir. 2016), the Third Circuit found that there was enough evidence of conspiracy where the defendants engaged in various conduct suggestive of conspiracy, including:

(1)   purchasing drugs on credit from the ringleader;
(2)   warning the ringleader about police surveillance;
(3)   referring customers to the ringleader;
(4)   protecting members of the conspiracy;
(5)   acting as a lookout for members of the conspiracy; and
(6)   discussing a plan to post bail for a member of the conspiracy.

*Id.* at 109–11.

In stark contrast, in the case at bar, there is not a single shred of evidence that Mr. Suggs had anything whatsoever to do with Clark's alleged drug delivery or any interaction with the alleged informant. The Government does not cite any contrary evidence whatsoever. Instead, the only connection it offers between Mr. Suggs and Mr. Clark is previously undisclosed evidence that Mr. Suggs was supposedly described as Clark's "cousin" by someone whose identity the Government redacts, the night before any drug related conversations with the informant. (Exh. B to Government's Resp. Br. at 2). Given that this supposed evidence is the absolute best the Government can do, its case is grossly inadequate. Being a "cousin" of a suspected drug dealer is not probable cause to arrest him for conspiracy.

The Government tries to salvage things with the oft-heard recitation of the importance of the "training and experience" of law-enforcement officers. But it does not explain exactly how this "training and experience" enabled officers to properly conclude that Mr. Suggs conspired with Clark merely by sitting in Clark's car.

To support its argument, the Government incorrectly argues that the Ninth Circuit's decision in *United States v. Valencia-Amezcua*, 278 F.3d 901 (9th Cir. 2002), which permits arrest based on the "seemingly innocuous events" at issue here. However, this comparison is baseless. While the Ninth Circuit did note in passing that "seemingly innocuous events may indicate criminal behavior," it found probable cause only because of meaningful evidence of criminality. There, a suspected drug dealer consented to a search of his home. The defendant was found in one of its

bedrooms. Police officers discovered a hidden door in the bedroom, obscured by the bed on which the defendant was sitting. Police officers searched the hidden door, discovering a meth lab. *Id.* at 904–05.

After noting that "mere presence with known drug offenders is insufficient to give probable cause for an arrest"—what Mr. Suggs argues here—the Ninth Circuit explained that there was more evidence than just that. Instead, the defendant was right next to the hidden meth lab, seated so as to obscure the secret entrance. This proximity to the lab showed that the defendant may have been in the lab and may have intended to obscure it during the search. That meaningful evidence was sufficient. *Id.* at 906–07.

In sum, the Government's two-sentence legal argument relies on inapplicable caselaw to argue that officers were entitled to arrest Mr. Suggs without any evidence. That is not the law. Instead, this Court should suppress all evidence against Mr. Suggs because officers arrested him without probable cause.

## II. The warrantless seizure of the Subaru was unlawful.

Even if there was probable cause to arrest—which there was not—this Court should still suppress all evidence against Mr. Suggs on a distinct and independent alternative basis: the unlawful, warrantless seizure of the Subaru. The Government's brief failed to show that either the motor-vehicle or community-caretaking exceptions to the warrant requirement apply here.

Before explaining that conclusion, Mr. Suggs briefly responds to the Government's citation-less argument at page 8 of its brief that Mr. Suggs may lack standing to challenge the seizure of the Subaru. The Government apparently believes that Mr. Suggs could have standing only if he owns the Subaru. But that is not true. Instead, Mr. Suggs merely needed to be in "lawful possession" of the Subaru. *See Byrd v. United States*, 584 U.S. __, 138 S. Ct. 1518, 1528 (2018)

– 4 –

(finding that someone who was given permission to drive a rental car by the person who rented it had standing even though he was not listed on the rental agreement). The Government does not contend otherwise and so it is difficult to understand why it believes that Mr. Suggs lacks standing.

> **A.    The community-caretaking exception is inapplicable because there was no need to tow the Subaru to protect the community.**

Towing a car without a warrant is appropriate under the community-caretaking exception only if the "impoundment decision was reasonable under the circumstances" to achieve a "community caretaking purpose." *United States v. Smith*, 522 F.3d 305, 313–15 (3d Cir. 2008). The exception is inapplicable here because there was no need to tow the car.

The Government fails to meet its burden to show that the exception applies. It contends that it was entitled to tow the Subaru back to the police station because Mr. Suggs had left the keys in the ignition. The Government does not explain, however, why officers could not have simply removed the keys from the car. The Subaru was lawfully parked and could have remained where it was. The Government does not contend, as in *Smith*, that the Subaru was parked in a high-theft area and so its only explanation of the supposed necessity of moving it fails. Further, the Government makes no claim that it gave Mr. Suggs any opportunity to arrange for someone else to take custody of the Subaru to address any possible issue. Instead, it towed the car away for the purpose of discovering evidence, not keeping the community safe.

In addition, while this argument contravenes Third Circuit precedent, Mr. Suggs also asserts that the tow did not satisfy the community-caretaking exception because it either did not comply with formal towing policies of the Borough of North Braddock or because there was no such policy. Under the approach of other circuits that have split from the Third Circuit, the community-caretaking exception applies only if police have a formal towing policy and comply

with that policy. *Smith*, 522 F.3d 314 (declining to adopt the D.C. Circuit's approach in *United States v. Proctor*, 489 F.3d 1348 (D.C. Cir. 2007)). Those requirements were not met here.[1]

### B.     The motor-vehicle exception is inapplicable.

The Government's claim that the motor-vehicle exception is applicable implicitly contradicts its own arguments. The exception applies only if there is probable cause to believe that drugs would be found in the Subaru. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.") (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (*per curiam*). At the same time, the Government gave up on any argument that there was probable cause to believe that Mr. Suggs possessed drugs. *Supra* Argument § I. Exactly how the Government squares these two positions is unclear. Tellingly, however, the Government's motor-vehicle-exception argument does not even purport to explain what the supposed basis for a finding of probable cause to find contraband in the Subaru. As outlined in Mr. Suggs's opening brief, there was none.

### III.    The Government fails to justify its demand to deprive Mr. Suggs of an evidentiary hearing.

Despite relying on new and largely redacted evidence not previously disclosed to Mr. Suggs, the Government simultaneously claims that no hearing is necessary here because there are no factual disputes. The Government claims that this Court is "well-apprised of the facts" from the contents of the Government's pleadings and so this Court can supposedly rule on the suppression motion without a hearing. (Resp. Br. 1 n.1). Credibility is always an issue. There is no video of the defendant arriving. There are no cameras of the defendant arriving. There is no testimony as

---

[1] Mr. Suggs makes this argument here in case the Supreme Court later resolves the circuit split in favor of the approach of *Proctor* instead of *Smith*.

to when the defendant arrived.

This Court's role in considering a suppression motion is not to accept whatever the Government says as the truth. This Court must instead resolve disputed factual questions, including whether: (1) there was probable cause to believe that Mr. Suggs conspired with his co-defendant; (2) public safety necessitated towing the Subaru; and (3) there was probable cause to conclude that evidence of crime would be located within the Subaru to justify application of the motor-vehicle exception.

To do that, this Court needs to consider the substance and veracity of the Government's evidence. That requires an evidentiary hearing.

## CONCLUSION

Mr. Suggs asks this Court to suppress any evidence derived from his arrest and the search of the Subaru.

Respectfully submitted,

*/s/Robert Gamburg, Esquire*
By: Robert M. Gamburg (Pa. I.D. No. 68808)
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
(215) 567-1486

*Counsel for Defendant*

Dated: August 30, 2019