IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

TERRY SUGGS, JR.,

    *Defendant.*

Crim. No. 19-134

OPINION

Counsel for defendant Terry Suggs, Jr. ("Suggs") filed a motion to modify the existing order of pretrial detention and release him from the Allegheny County Jail ("ACJ") in light of the COVID-19 pandemic (ECF No. 102). The government filed a response in opposition to Suggs's request (ECF No. 110). For the reasons that follow, Suggs' motion will be denied.

Suggs was originally detained on February 25, 2019, and held in state custody. Suggs was indicted by a federal grand jury on May 8, 2019, for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine (count 1) and possession with intent to distribute those substances (count 3). The government charges Suggs with possession of 23 kilograms of cocaine. Suggs faces a statutory mandatory minimum of 10 years imprisonment at each count, which will increase to a minimum of 15 years if the government files a § 851 information about Suggs' prior felony drug conviction, *see* ECF No. 110 at 1-2, 3-4.

The government filed a request for detention (ECF No. 29). On May 24, 2019, a detention hearing was held before a United States Magistrate Judge. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the magistrate judge found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community (ECF No. 52).The magistrate judge's reasons for detention included the following: the rebuttable presumption under 18 U.S.C. § 3142(e)(3); the lengthy term of imprisonment Suggs faces; the strong weight of the evidence against him; Suggs's prior criminal history; his participation in criminal activity while on probation, parole or supervision; and his prior violations of supervision (ECF No. 52). Suggs never requested review of the detention order by this court. In his pending motion, Suggs does not contest that he was lawfully detained under the provisions of 18 U.S.C. § 3142.

Although not specifically stated, the court presumes that Suggs seeks relief under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). The court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i). Indeed, Suggs's attorney requested that the motion be decided without a hearing. The court is able to resolve the motion without a hearing or oral argument.

Suggs contends that he is at much graver risk of contracting COVID-19 at ACJ than if released and that he is particularly vulnerable because he has a documented history of asthma and diabetes (*see* medical records at ECF No. 102-1). Suggs argues that the ACJ is not performing proper screening to prevent his possible exposure to Covid-19 and seeks his immediate release. Suggs maintains that although he lacks ties to western Pennsylvania, he has available (albeit unspecified) local facilities where he can reside for the pendency of this case if released. Suggs asserts that his offenses were non-violent and that he does not pose a danger to the "safety of the community."

In opposing the motion, the government proffers that Suggs is involved in large-scale drug trafficking, which is inherently dangerous to the community. The government points out that Suggs committed multiple crimes, including the charged offenses in this case, while on probation, parole or bond. The government notes Suggs's extensive criminal history involving drugs and lack of gainful employment, and expresses skepticism that residing at an undisclosed location in this district will prevent Suggs from engaging in further criminal conduct. The government also opposes a return to Suggs' hometown of Philadelphia. In sum, the government maintains that Suggs failed to overcome the rebuttable presumption that no conditions of release can adequately protect the safety of the community.[1]

The court recognizes the potential for Suggs's exposure to the COVID-19 virus at the Allegheny County Jail ("ACJ") and that three inmates have tested positive.

---

[1] The government refers to Suggs' international travel, but the court does not need to resolve whether Suggs poses a flight risk.

Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. Additionally, there is no indication that Suggs's medical needs are not being addressed at the ACJ; in fact, he is seemingly receiving appropriate medical care for his asthma and diabetes. While the court is sympathetic to Suggs's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. In other words, Suggs's current arguments for release do not outweigh the factors considered by the magistrate judge in ordering his detention.

Conclusion

The court concludes that the order detaining Suggs remains appropriate. Temporary release of Suggs is not warranted. The motion to modify the existing order of pretrial detention and release him from the Allegheny County Jail ("ACJ") in light of the COVID-19 pandemic (ECF No. 102) will be DENIED.

An appropriate order follows.

Dated: April 14, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge