IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA            Criminal No. 19-134

    Vs.

TERRY SUGGS JR.,

    Defendant

<u>AMENDMENT TO MOTION TO SUPPRESS EVIDENCE</u>

AND NOW comes Defendant TERRY SUGGS, JR., by his attorneys, G. WILLIAM BILLS, JR., Esquire and SALLY A. FRICK, Esquire, and files the Amendment to Motion to Suppress Evidence previously filed on Defendant's behalf, and in support thereof, avers the following

1. Motion to Suppress Evidence was previously filed by former counsel on the Defendant's behalf.

2. In current counsel's review of the discovery and of the Motion to Suppress Evidence, counsel observed facts which counsel aver entitle Defendant to a hearing in accordance with *Franks v. Delaware, 438 U.S. 154 (1978)*

3. A brief review of the evidence reveals that state investigators were arranging a purchase of cocaine from co-defendant Jermaine Clark.  Phone calls were exchanged between a confidential informant and a person investigators identified as Mr. Clark.  *There was no mention or*

*conversation during these calls about another person and specifically not about this Defendant.*

4. The investigators did have information about Clarke arriving in a Chevy Traverse.

5. When the investigators arrived at the meeting location, they observed Mr. Clarke in a Chevy Traverse. Another vehicle - a Subaru -was parked in the vicinity with motor running

6. Investigators immediately seized the Traverse and the occupants – Clarke and this Defendant – and detained them. No transaction was made at that time, although this was scheduled to be a "buy-bust" with a confidential informant. Both Clarke and the Defendant were immediately taken into custody. The vehicles – Traverse and Subaru – were seized until a search warrant was applied for and obtained. At the police station, a drug detecting canine alerted to the presence of drugs in both vehicles. The dog was not put to the vehicles until both vehicles and defendants had been detained and transported to the station.

7. Both vehicles were searched and cocaine was found in each vehicle, as well as currency. A phone call was made to the telephone identified as the contact for the seller in the transaction and the phone rang to a cell phone in Clarke's possession.

8. According to the testimony of Detective Ray Bonacci at the preliminary hearing in the state court proceedings, a preliminary search was conducted of the Subaru at the scene, and the officers made no observations of any currency or contraband; that fact was not presented to the issuing authority in support of the application for the search warrant. Nor was the officer's testimony, also at the preliminary hearing, that Mr. Clarke, according to all the previous arrangements and information, was coming alone to the meeting for the transaction – the "buy-bust." There was no mention of this Defendant nor were the officers aware that Defendant even existed.

9. The affidavit in support of the application for the search warrant also omitted any facts that contact and conversation was solely with Mr. Clarke; no information was presented about the presence or non-presence of another person or vehicle; or that no controlled purchase had occurred prior to the seizure of the vehicles and the persons.

10. In order for this Court to conduct a *Franks* hearing, a defendant must make a substantial preliminary showing that a false statement was included in the warrant affidavit knowingly and intentionally or with reckless disregard for the truth. A number of circuit courts have held that reckless *omissions* are also challengeable. See, e.g., *United States v. Lucht,* 18 F.3d 541 (8th Cir. 1994)

11. Defendant avers that the omissions from the affidavit as detailed above were intentionally made and with reckless disregard for the truth, i.e., that there was no evidence to include this Defendant in the arranged transaction; that investigators and the confidential informant were not aware of his existence; that no calls had been made to this Defendant nor did he possess a phone that received any such calls; and that no controlled buy had occurred prior to the immediate detention and seizure of Defendant and the vehicles; and that neither of the vehicles were registered to the Defendant.

WHEREFORE, Defendant requests that this Court conduct an evidentiary hearing in accordance with *Franks v. Delaware,* 438 U.S. 154 (1978)

/s/ G. William Bills, Jr.
Pa ID 20133
/s/ Sally A. Frick
Sally A. Frick
Attorneys for Defendant
Pa ID 27672
407 Frick Building
437 Grant Street
Pittsburgh, PA  15219
412/261-3340

412/261-9211 FAX

safattyusa@netscape.net