**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

                      *Plaintiff,*

    v.

TERRY SUGGS, JR.,

                      *Defendant.*

Crim. No. 19-134

<u>OPINION</u>

Pending before the court is a motion for pretrial release in a rebuttable presumption case (ECF No. 146), filed by counsel on behalf of defendant Terry Suggs, Jr. ("Suggs"). Suggs filed a supplement to incorporate his concerns about Covid-19 (ECF No. 149) and the government filed a response in opposition (ECF No. 150). Although Suggs originally requested a hearing, at a telephone conference on January 28, 2021, counsel for both sides agreed that the motion could be resolved on the filings of record without an evidentiary hearing. The motion, therefore, is ripe for disposition.

<u>Factual and Procedural Background</u>

The factual record is based on the entire record in this case, including the state court preliminary hearing, the detention hearing before the magistrate judge and the parties' filings of record.

Essentially, a police task force was working with a confidential informant ("CI") to set up

a purchase of 5 kilograms of cocaine from Suggs' co-defendant in this case, Jermaine Clark ("Clark").  About a week before the transaction, they obtained a GPS/911 "ping" search warrant on Clark's phone.  They knew Clark drove a Chevy Traverse.  On February 24, 2019, they got ping data showing that Clark was driving from his home in Philadelphia, Pennsylvania, to Pittsburgh, Pennsylvania.  The government avers that the CI told agents that Clark's cousin was with him in Pittsburgh and was driving a gray Subaru Tribeca.

On February 25, 2019, the CI called Clark to set a time and place for the drug deal. Surveillance was put in place.  Agents saw Clark drive to the meeting place in the Chevy Traverse and confirmed that the registration matched that given by the CI.  Agents also saw a gray Subaru arrive and park in front of the Chevy.  An individual (later identified as Suggs) got out of the Subaru, left the engine running, and got into the passenger seat of the Chevy.  Agents arrested Clark and Suggs.  Both denied knowing anything about the Subaru.  Agents towed both cars to a secured lot.  A K9 drug sniff alerted on both vehicles.  Agents obtained a search warrant for both cars and recovered 5 kilograms of suspected cocaine from the Chevy and 18 kilograms of suspected cocaine and $8,060.00 in cash from the Subaru.  Subsequent tests showed that the drugs recovered from the Chevy and Subaru contained a mix of cocaine and methamphetamine. Both vehicles had hidden hydraulic traps.  The packaging of the drugs in each vehicle was identical.

Suggs was detained on February 25, 2019, and originally held in state custody. A preliminary hearing was held in state court on March 5, 2019.  (Transcript, ECF No. 146-1).  Suggs was indicted by a federal grand jury on May 8, 2019, for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine (count 1)  and possession with intent to distribute those substances (count 3).

Suggs faces a statutory mandatory minimum of 10 years imprisonment at each count, which will increase to a minimum of 15 years if the government files a § 851 information about Suggs' prior felony drug conviction, *see* ECF No. 110 at 1-2, 3-4.

The government filed a request for detention (ECF No. 29).  On May 24, 2019, a detention hearing was held before a United States Magistrate Judge. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearing, the magistrate judge found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community (ECF No. 52). The magistrate judge's reasons for detention included the following: the rebuttable presumption under 18 U.S.C. § 3142(e)(3); the lengthy term of imprisonment Suggs faces; the strong weight of the evidence against him; Suggs's prior criminal history; his participation in criminal activity while on probation, parole or supervision; and his prior violations of supervision (ECF No. 52).

The purpose of the pending motion is to appeal the magistrate judge's detention order and application of the rebuttable presumption factors under 18 U.S.C. § 3142. Suggs recognizes that this court denied his motion to modify the existing order of pretrial detention and release him from the Allegheny County Jail ("ACJ") in light of the COVID-19 pandemic (ECF Nos. 111, 112).[1]

Discussion

Under the Bail Reform Act, "If a person is ordered detained by a magistrate

---

[1] As of January 29, 2021, there were zero inmates with Covid-19 at ACJ. https://www.alleghenycounty.us/jail/ index.aspx, last visited, Jan. 29, 2021.

judge ... the person may file, with the court having original jurisdiction over the offense,

a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b).  The motion

shall be promptly decided.  *Id*.  The district court reviews a magistrate judge's detention

order *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The rules

concerning admissibility of evidence in criminal trials do not apply to the presentation

and consideration of information at the detention hearing." 18 U.S.C. § 3142(f)(2)(B).

A defendant must be released on his personal recognizance or upon execution of

an unsecured appearance bond unless the court determines that "such release will not

reasonably assure the appearance of the person as required or will endanger the safety of

any other person or the community." 18 U.S.C. § 3142(b).  Following a hearing, if the

judicial officer finds that no condition or combination of conditions of release will

reasonably assure the defendant's appearance and the safety of the community, detention

must be ordered. 18 U.S.C. § 3142(e)(1).  In determining whether there are conditions of

release that will reasonably assure the defendant's appearance and the safety of the

community, the judicial officer must consider the § 3142(g) factors:

> (1)      the nature and circumstances of the offense charged, including
> whether the offense is a crime of violence, a violation of section 1591, a Federal
> crime of terrorism, or involves a minor victim or a controlled substance, firearm,
> explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including-- (A) the
> person's character, physical and mental condition, family ties, employment,
> financial resources, length of residence in the community, community ties, past
> conduct, history relating to drug or alcohol abuse, criminal history, and record
> concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on
> probation, on parole, or on other release pending trial, sentencing, appeal, or
> completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, 18 U.S.C. § 3142(e)(3), if there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801, et seq., for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3)(A). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). In this case, Suggs concedes that the rebuttable presumption of detention is applicable.

A defendant may rebut the presumption in § 3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *Chagra*, 850 F. Supp. at 357 (citation omitted). To rebut the presumption that the defendant presents a danger to the community, "he must come forward with some credible evidence that he will not continue to engage in the drug activities with which he has been charged." *Chagra*, 850 F. Supp. at 358 (citations omitted). This may be accomplished through " 'testimony by co-workers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation.' " *Suppa*, 799 F.2d at 120 (quoting *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)).

Even if rebutted, the presumption does not disappear but rather "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Chagra*, 850 F. Supp. at 358.  If the defendant rebuts the presumption, the burden of persuasion remains with the government. Id. at 357. The government bears the burden of proving that the defendant presents either a risk of flight or a danger to the community.

The government must prove that the defendant is a flight risk and that no condition or combination of conditions will assure his appearance at trial by a preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The government must prove that the defendant is a danger to the safety of any other person or the community by clear and convincing evidence. *Delker*, 757 F.2d at 1399.

The court turns now to the arguments of the parties on the applicable § 3142(g) factors.  Because the government does not contend that Suggs poses a flight risk, and the magistrate judge did not find Suggs to be a flight risk,[2] the court will address only the "danger to the community" prong.

1.   Nature and circumstances of the offense

Suggs acknowledges that the crimes charged against him involve controlled substances.  He submits that the offenses do not involve violence or firearms.  The offenses charged in this case involve 23 kilograms of a mixture of cocaine and methamphetamine, with a value of $2.3 million.  The instant charges against Suggs, as

---

[2] At the detention hearing, the government presented evidence about Suggs' international travel in 2018 to three cocaine hubs: (1) Montego Bay, Jamaica; (2) Los Cabos, Mexico; and (3) Cartagena, Colombia, but could not say what the purpose of the travel was.  Suggs maintains they were lawful vacations.

noted, each has a mandatory minimum term of imprisonment of 10 years.  If the government files a § 851 information about Suggs' prior felony drug conviction, he faces a statutory mandatory minimum of 15 years in prison (ECF No. 150 at 11).  Large-scale cocaine trafficking presents a serious danger to the community.  This factor weighs strongly in favor of detention.


      2.  Weight of the evidence

The government points out, correctly, that Suggs was indicted by a grand jury and that indictment is sufficient to support the presumption of danger to the community. *Suppa*, 799 F.2d at 119.  The government also references the additional evidence it presented at the detention hearing.

Suggs argues that the evidence presented against him has been meager, attenuated and highly circumstantial.  Suggs argues the CI never mentioned him, points out that the CI's arrangements were with Clark, and contends there is no evidence that Suggs knew anything about the drugs seized from his car.  The court does not agree.

As reflected in the DANET report (ECF No. 70-2), the CI informed officers that Clark was in Pittsburgh with his cousin (later identified as Suggs) on February 24, 2019. The CI related that Suggs was driving a gray Subaru.  The next day, officers observed Clark arrive at the time and place arranged for the drug deal.  Officers also saw Suggs drive a gray Subaru to the same location, park in front of Clark, leave the engine running, and enter the passenger seat of Clark's vehicle.  Suggs was the only person in the Subaru.  When the officers arrested Clark and Suggs, they denied any knowledge of the Subaru.  After the K9 alert and acquisition of a search warrant, 18 kilograms of

cocaine (and methamphetamine) were found in a hidden trap in the Subaru. In addition, over $8,000 in cash was found on the floor behind the driver's seat.

Suggs and Clark both lived in Philadelphia. The vehicles driven by Suggs and Clark were both registered in Philadelphia. The hidden traps in both vehicles were identical. The cocaine recovered from both vehicles was in identical packages. (ECF No. 70-2). There is substantial evidence from which a reasonable jury could find that Suggs conspired with Clark to travel to Pittsburgh to distribute cocaine and that Suggs possessed the cocaine and cash that were recovered from the Subaru. This factor weighs strongly in favor of detention.[3]

### 3. History and characteristics of defendant

Suggs acknowledges that he has a prior conviction for conspiracy to distribute marijuana, for which he served 37 months in prison. Suggs acknowledges that he also has a prior conviction for retaliating against a cooperating witness, for which he served an additional 12 months in prison.

Suggs submits that he has never been charged with violating the conditions of his parole, probation or supervised release. Suggs argues that the magistrate judge erred by stating that he retaliated against the witness while he was on supervision -- Suggs points out that he committed this offense while he was still in prison (ECF No. 146 at 7). This distinction is not material. If Suggs is arguing that he presents less danger to the community if he is released than if he remains detained, the court disagrees.

---

[3] Both Clark and Suggs filed motions to suppress evidence, which remain pending because defendants requested an "in person" hearing. If those motions are granted, the court would have to revisit this factor.

Suggs argues that the government improperly relied on misdemeanor convictions set forth in the pretrial services report for (1) petty larceny in Virginia in 2002; (2) obstructing an officer without violence in Florida in 2013; and (3) DUI in Pennsylvania in 2014.  The magistrate judge stated that she did not consider the 2002 larceny offense (ECF No. 69 at 22).  To be clear, because of the overriding concerns posed by his conviction for retaliating against a witness, this court does not consider any of the misdemeanor offenses in resolving Suggs' motion.

Suggs maintains that although he lacks ties to western Pennsylvania, he is a life-long resident of Philadelphia and has an available (albeit unspecified) residence in Pittsburgh where he can reside for the pendency of this case if released.  He has no history of gainful employment.  The government speculates about the source of the financial resources that enabled Suggs to engage in extensive international travel. The court considered the letter submitted by Suggs' friend Marie Pierre, a nurse practitioner (ECF No. 146-3), which articulated concerns about Suggs' exposure to Covid-19. Suggs presented no additional information about his risks from Covid-19, beyond that previously considered by the court (ECF No. 149, incorporating by reference ECF No, 102).  The parties did not present evidence about Suggs' character, physical and mental condition (other than the previous filings regarding Covid-19) or family ties.

In sum, the history and characteristics of Suggs weigh in favor of detention.

4. Danger to the community

Suggs failed to rebut the presumption that he poses a danger to the community. "Safety of the community is implicated not only by violence, but also by narcotics

trafficking. In cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs." *United States v. Mosqueda*, No. CR 16-233, 2017 WL 5157847, at *4 (W.D. Pa. Nov. 7, 2017) (citing *United States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986) (denying pretrial release). Suggs did not offer any credible evidence that he will not continue to engage in the drug activities with which he has been charged. *Chagra*, 850 F. Supp. at 358.  He has a prior criminal record of drug crimes and no gainful employment.

The fact that Suggs committed the felony of retaliation against a witness while incarcerated gives the court very serious concern about the danger he poses to the community if released. [4]  There is a CI in this case, and defendants have indicated in court filings they believe they know the CI's identity (ECF No. 108, filed under seal). Suggs' past history of violence against a cooperating witness weighs very heavily against his release in this case.

Conclusion

The court concludes that the order detaining Suggs remains appropriate. Temporary release of Suggs pending trial is not warranted because he poses a danger to the community.  The motion for pretrial release in a rebuttable presumption case (ECF No. 146) will be DENIED.

An appropriate order will be entered.

Dated:  February 9, 2021

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

---

[4] The court also considers the fact that in his 2006 plea agreement, Suggs stipulated to a sentencing enhancement because a firearm was possessed and discharged (ECF No. 150 at 15).