IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
        v.                      )        Criminal No. 19-134
                                )
TERRY SUGGS JR.                 )

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR A *FRANKS* HEARING (DOC NO. 135)**

The United States, through undersigned counsel, respectfully submits that Defendant Terry

Suggs Jr.'s Motion for an Evidentiary Hearing Pursuant to *Franks v. Delaware* (Doc. No. 135)

must be denied and in support thereof, states as follows:

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

On May 8, 2019, a federal grand jury returned a three-count Indictment, charging the

defendants with conspiracy to distribute 5 kilograms or more of cocaine (Count One) and

possession with intent to distribute 5 kilograms or more of cocaine at Counts Two (Clark) and

Three (Suggs).  *See* Doc. No. 19.  As the Court has already summarized:

> Essentially, a police task force was working with a confidential informant
> ("CI") to set up a purchase of 5 kilograms of cocaine from Suggs' co-
> defendant in this case, Jermaine Clark ("Clark"). About a week before the
> transaction, they obtained a GPS/911 "ping" search warrant on Clark's
> phone. They knew Clark drove a Chevy Traverse. On February 24, 2019,
> they got ping data showing that Clark was driving from his home in
> Philadelphia, Pennsylvania, to Pittsburgh, Pennsylvania. The government
> avers that the CI told agents that Clark's cousin was with him in Pittsburgh
> and was driving a gray Subaru Tribeca.
>
> On February 25, 2019, the CI called Clark to set a time and place for the
> drug deal. Surveillance was put in place. Agents saw Clark drive to the
> meeting place in the Chevy Traverse and confirmed that the registration
> matched that given by the CI. Agents also saw a gray Subaru arrive and park
> in front of the Chevy. An individual (later identified as Suggs) got out of
> the Subaru, left the engine running, and got into the passenger seat of the
> Chevy. Agents arrested Clark and Suggs. Both denied knowing anything
> about the Subaru. Agents towed both cars to a secured lot. A K9 drug sniff

1

alerted on both vehicles. Agents obtained a search warrant for both cars and recovered 5 kilograms of suspected cocaine from the Chevy and 18 kilograms of suspected cocaine and $8,060.00 in cash from the Subaru. Subsequent tests showed that the drugs recovered from the Chevy and Subaru contained a mix of cocaine and methamphetamine. Both vehicles had hidden hydraulic traps. The packaging of the drugs in each vehicle was identical.

Doc. No. 152, p. 1-2.

On July 8, 2019, Mr. Suggs filed a Motion to Suppress and Brief in Support. *See* Doc. Nos. 59, 60. On August 22, 2019, the government filed its Response in Opposition – the government incorporates by reference the factual background provided in its Response in Opposition to Mr. Sugg's Motion to Suppress. *See* Doc. No. 70. Nearly one (1) year later, on August 18, 2020, Mr. Suggs filed an Amendment to Motion to Suppress Evidence, requesting a *Franks* hearing. *See* Doc. No. 135. On May 5, 2021, the court held an evidentiary hearing for the pending Motion to Suppress and provided defense counsel with the opportunity to make a "substantial preliminary showing" that Mr. Suggs was entitled to a *Franks* hearing. Defense counsel did not present any witnesses, statements or affidavits in support thereof and, instead, rested on its filing and the record before the Court.

## II.    ANALYSIS

In *Franks v. Delaware*, the Supreme Court determined that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant if he can make the requisite substantial preliminary showing. 438 U.S. 154, 155-56 (1978); *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). The Third Circuit has extended this right to permit challenges based on factual omissions from the warrant affidavit. *See Yusuf*, 461 F.3d at 383; *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000).

The Supreme Court held that a defendant may attack a search warrant if it was procured through false information. *Franks*, 438 U.S. 171. This does not mean "that every fact recited in the warrant affidavit [must] necessarily [be] correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." *Id.* at 165. As the *Franks* Court recognized, to be successful, a defendant must point to something more than just innocent errors and muddled facts in the affidavit. *Id.* at 171-72.

That "something more" has long been memorialized in a two-part test, each part of which must be proven by a preponderance of the evidence. *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997); *United States v. Calisto*, 838 F.2d 711, 714 (3d Cir. 1988). First, the defendant must prove that the affiant "knowingly and intentionally, or with reckless disregard for the truth," made false or misleading statements in the warrant affidavit. *Sherwood*, 113 F.3d at 399. Further, those "allegations of deliberate falsehood or of reckless disregard of the truth . . . must be accompanied by an offer of proof.'" *United States v. Harvey*, 2 F.3d 1318, 1323 (3d Cir. 1993), quoting *Franks*, 438 U.S. at 171). Vague or conclusory allegations of falsity or reckless disregard are insufficient. *Harvey*, 2 F.3d at 1323-24 (defendant's failure to offer contradictory evidence to affidavit's factual assertions did not satisfy offer of proof requirement). Second, he must demonstrate that these statements were material, or necessary to the finding of probable cause. *Sherwood*, 113 F.3d at 399. When both factors are present, the Fourth Amendment requires exclusion of the fruits of the search just as though probable cause was lacking on the face of the warrant itself. *United States v. Frost*, 999 F.2d 737, 742-43 (3d Cir. 1993), citing *Franks*, 438 U.S. at 155-56.

If "the defendant makes the requisite substantial showing for a *Franks* hearing and then, at that hearing, shows by a preponderance of the evidence that material statements in the affidavit are either recklessly or intentionally untruthful, the fruits of the search must be excluded unless the remaining content of the warrant is sufficient to establish probable cause." *United States v. Brown*, 3 F.3d 673, 676 (3d Cir. 1993).  When, however, "a warrant is obtained based upon a false statement made in a supporting affidavit . . . , [i]f the falsity is based upon an omission rather than a misstatement of facts, the court must remove the falsehood by supplying the omitted information to the original affidavit, and subsequently determining if the affidavit with the added information contains sufficient probable cause." *Sherwood*, 113 F.3d at 399.  If the offending information is included and probable cause remains, a *Franks* hearing is not required.  *Franks*, 438 U.S. at 155-56.

As this Court noted in *United States v. Rice*, No. CR 17-338, 2019 WL 1449744 (W.D. Pa. Apr. 2, 2019), aff'd, 825 F. App'x 74 (3d Cir. 2020), the Third Circuit has explained the "substantial preliminary showing" required by the defendant, as follows:

> To obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." ... To meet this threshold, a challenger must present more than conclusory statements that the affidavit contains false statements or omissions.... The challenger must specifically identify allegedly false statements or omissions in the affidavit and provide a statement of reasons supporting the argument.... The challenger must also provide an offer of proof or give a satisfactory explanation for the absence of proof.... Sworn affidavits or reliable statements from witnesses are examples of offers of proof sufficient to satisfy the substantial preliminary showing.... When demonstrating that the affiant omitted a material fact or included a false statement with the requisite mens rea, it is insufficient to prove the affiant acted with negligence or made an innocent mistake....

4

*Id.* at \*14-15 (citing *United States v. Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010) (citations omitted); *see also United States v. Ewell*, Criminal No. 13-125, 2016 WL 463784, at \*21 (W.D. Pa. Feb. 8, 2016) (holding innocent mistakes and negligent errors by law enforcement agents cannot serve as the basis for a *Franks* hearing).

In *Franks*, the Supreme Court explicitly expressed these concerns with respect to search warrants: to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. 438 U.S. at 171. This strict preliminary showing requirement is intended to "prevent the misuse of a veracity hearing for purposes of discovery or obstruction." *Id.* at 170.

If the defendant has met this substantial preliminary showing and obtains a hearing, the Third Circuit has further explained that,

> the challenger must prove by a preponderance that (1) the affiant made false statements or omissions intentionally, knowingly, or with reckless disregard for the truth, and (2) such statements were material to the probable cause determination.... If the challenger satisfies this burden, we will excise the false statements and omissions from the affidavit and assess whether the corrected affidavit establishes probable cause.

*Rice*, No. CR 17-338, 2019 WL 1449744, at \*14 (citing *Heilman*, 377 F. App'x at 177).

Here, Mr. Suggs has not established his entitlement to a *Franks* hearing. First, he has failed to identify allegedly false statements or omissions in the affidavit, and, second, he has failed to provide a statement of reasons supporting the argument. Rather, after a "brief review of the evidence," Mr. Suggs argues that the co-affiants, of the affidavit in support of the search warrant for the [Subaru], omitted the following information:

1.   "contact and conversation was solely with Mr. Clarke [sic]";

2.   "no information was presented about the presence or non-presence of another person or vehicle";

5

3.      "no controlled purchase had occurred prior to the seizure of the vehicles and the persons";

4.      "no evidence to include this Defendant in the arranged transaction";

5.      "that investigators and the confidential informant were not aware of [Suggs] existence";

6.      "that no calls had been made to this Defendant nor did he possess a phone that received any such calls"; and,

7.      "neither of the vehicles were registered to the Defendant."

(Doc. No. 135, ¶¶ 3, 9, 11).  Mr. Suggs did not attach the search warrant affidavit to his Motion. Former counsel, in Mr. Suggs' Motion to Suppress (Doc. No. 60), which was filed on July 8, 2019, attached a search warrant affidavit that was provided to the defendant in an initial discovery production and contained the government's redactions.  *See* Doc. No. 60-2.  On or about December 12, 2019, however, the government provided defendants with a less-redacted version of the search warrant affidavit, which is attached hereto as Exhibit A.

Contrary to defendant's assertion, the co-affiants did not omit information pertaining to paragraphs 1, 3, 6 and 7, above.  Rather, the co-affiants informed the Court that 1) the CI's cocaine source of supply was Clark, and not Suggs (e.g. "CI stated that he/she has bought [cocaine] from CLARK on numerous occasions"); 2) the "contact," "conversation," and "calls," related to consummating the drug deal, were between the CI and CLARK, and not Suggs (e.g. "CI …place[d] recorded phone calls to CLARK to arrange for the delivery of cocaine."); 3) the controlled purchase/"buy-bust" with the CI did not occur because law enforcement converged on the vehicles (e.g. "On February 25th, 2019, at approximately 16:30 CLARK arrived in the 1400 block of Grant St in North Braddock, PA . . . [a]t this time, surveillance officers converged and took into custody, CLARK, and ….SUGGS[.]"); and, 4) the Subaru was associated with Suggs because he was observed driving the vehicle (e.g. "Both Clark and Suggs stated that the grey Subaru and grey

Traverse were not theirs, however shortly before moving in Detective Hetherington had observed SUGGS exit the driver's seat of the Subaru[.]").

Mr. Suggs also argues that the co-affiants omitted the following information, which is set forth in paragraphs 2, 4, and 5 above: "no information was presented about the presence or non-presence of another person or vehicle"; "no evidence to include this Defendant in the arranged transaction"; "that investigators and the confidential informant were not aware of [Suggs] existence."  The co-affiants did not include this information in the affidavit because law enforcement *was* aware of the presence of another person (e.g. "The CI stated that CLARK was accompanied by a black male who was approximately six feet tall with short black hair . . . that CLARK identified . . . as his cousin.") and another vehicle (e.g. "The CI stated that CLARK's cousin was driving a grey in color Subaru SUV.").

Mr. Suggs' bald assertions and utter disregard for the plain language of the affidavit are wholly insufficient to meet his burden of proof.  After all, a *Franks* hearing should not be scheduled based upon bare claims that an affiant should have included more information in the affidavit. Indeed, "in many cases it is not only appropriate but desirable for officers to provide the magistrate with a distilled version of the circumstances giving rise to probable cause."  *Dempsey v. Bucknell University*, 834 F.3d 457, 471 n.10 (3d Cir. 2016).  "[F]or practical reasons courts simply 'cannot demand that police officers relate the entire history of events leading up to a warrant application.'" *Id*. at 471 (quoting *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000)).  Further, vague or conclusory allegations of falsity or reckless disregard are insufficient to establish a substantial preliminary showing.  *United States v. Harvey*, 2 F.3d 1318, 1323-24 (3d Cir. 1993) (defendant's failure to offer contradictory evidence to affidavit's factual assertions did not satisfy offer of proof requirement).

**III.     CONCLUSION**

Here, Mr. Suggs has failed to make a substantial preliminary showing.  He has failed to identify any omissions and has failed to provide the requisite contrary account and offer of proof contradicting the affidavit, much less one supported by witness statements or affidavits.  Nor could he.  Even at the May 5, 2021 hearing, when the Court gave Mr. Suggs an opportunity to make such a showing, he declined to do so, resting instead on the record before the Court.  For the reasons set forth herein, Mr. Suggs is not entitled to a hearing, and his motion should be denied outright.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

/s/ *Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 894-7403 (Phone)
(412) 894-7311 (Fax)
rebecca.silinski@usdoj.gov
PA ID No. 320774