IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 19-134 |
| : | |
| TERRY KENNETH SUGGS, JR. : | |

**DEFENDANT'S PROPOSED FINDINGS OF FACT**

**AND CONCLUSIONS OF LAW**

**FINDINGS OF FACT**

1. Detective Ray Bonacci and Detective Mark Hetherington testified that state court investigators were conducting an operation to purchase cocaine through a confidential informant from a person later identified as Jermain Clark, the co-defendant in this case. (PH, page 5; SH, page 10).[1]

2. The investigation began in October 2018 when a confidential informant told investigators that he could make purchases of cocaine from "Fats" from Philadelphia. (SH, pages 10-12). The confidential informant identified Fats as Jermaine Clark. (SH, page 14).[2]

3. The confidential informant had purchased cocaine from "Fats" for over a year; Fats was identified by the confidential informant as Clark. (SH, pages 13-14).

---

[1] PH refers to the transcript of the preliminary hearing before District Justice Miller on March 5, 2019.
[2] SH refers to the transcript of the suppression hearing before this Court on May 5, 2021.

1

4. The confidential informant contacted Clark at a cell phone: 267-752-0440 and the call was recorded. (PH, page 6). This occurred on February 25, 2019 at 11:30 a.m. (PH, 12).

5. Arrangements were made between Clark and the confidential informant to meet at a specified location on Grant Avenue in North Braddock. (PH, page 7).

6. The proposed transaction was discussed between the confidential informant and Clark for five days prior to the scheduled transaction on February 25, 2019. (PH 17; SH15) There were recorded calls with Clark; no calls with Defendant Suggs. (SH, page 19).

7. Surveillance was arranged and an arrest team; information from the confidential informant was that Clark would be driving a Chevy Traverse (PH, page 7). Surveillance occurred at a hotel – the Westin – where Clark was staying and in Westmoreland County and "all over the place' on the day of the scheduled transaction.  Defendant Suggs was not observed, nor was the Subaru, from noon to 4:00 p.m. during that surveillance (PH, page 20). There was no information or expectation by the officers that another vehicle – specifically the Subaru – would be involved in this transaction. (SH, page 38).

8. Officers expected to see the Chevy Traverse at the meeting place; they had no information or knowledge about the Subaru (PH, pages 21-23) and never observed the Subaru in the Westin parking lot. (SH, page 18).

9. During the surveillance at the final scene on Grant Avenue in North Braddock, this Defendant was observed exiting a Subaru and entering the Traverse; he was not carrying or holding anything at the time. (PH, page 8. SH, pages 20-21).

10. Once the arrest team was in place and as both Clark and this Defendant were in the Traverse for about three minutes, the arrest team immediately decided to arrest the two suspects; they

moved in, boxed the car in and took both of the actors into custody. (PH, page 9; SH, pages 20-21). Four cell phones were taken from Clark. (PH, page 9).

11. Both vehicles were immediately seized and towed to the Swissvale police station awaiting the obtaining of search warrants. The Subaru was searched at the scene prior to the vehicle being towed and an amount of US currency was observed inside the vehicle. (SH, pages 24; 28; 49).

12. 5 kilograms were seized from the Traverse; 18 kilograms of cocaine were seized from the Subaru. (PH, page 11).

13. A drug detecting dog was used on both vehicles. (PH, page 12).

14. At the scene of the arrest, the law enforcement officers called the cell phone number used by the confidential informant and it rang to one of the cell phones in Clark's possession. (PH, page 12).

15. A total of approximately 10 officers removed the occupants of the Traverse with guns drawn (PH, page 26). Defendant Suggs was then placed, face down and handcuffed on the roadway. (SH, pages 39-43).

16. The meeting between the confidential informant and Clark was arranged on Clark's cell phone. (PH, pages 6-7).

17. As far as the information that the officers had, Clark was supposed to be alone at the meeting with the confidential informant. (PH, page 40; SH, pages 38, 49).

**CONCLUSIONS OF LAW**

1. Defendant Suggs was arrested immediately upon the officers' approach to the Traverse. An arrest/seizure occurs when an individual's liberty is restrained by physical force or a show of authority to which the individual submits. *California Hodari D,* 499 U.S. 621 (1991).

2. There was no probable cause to arrest Defendant Suggs. *United States v Iglesias,* 535 F.3d 150 (3d Cir. 2008); see also, *United States v. Butler,* 93 F.3d 392 (WD Pa 2015). Probable cause to arrest exists when police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information and sufficient in itself to warrant a belief by a prudent person that an offense has been or is being committed by that person. *Beck v. Ohio,* 379 U.S. 89 (1964); *Wong Sun v. U.S.*, 371 U.S. 471 (1963) "It is basic that an arrest . . . must stand upon firmer ground than mere suspicion." At 479.

3. Probable cause to arrest cannot be based on mere propinquity to others independently suspected of criminal activity. *Ybarra v. Illinois* 444 U.S. 85 (1979).

4. The seizure of the Subaru and subsequent search pursuant to a search warrant was fruit of the poisonous tree; i.e., a direct result of the initial illegal arrest of the Defendant and seizure of the vehicle without a warrant. *United States v. Brown,* 448 F.3d 239 (3d Cir. 2006).

5. The items seized from the Subaru must be suppressed because there was no probable cause, or exigent circumstances, to arrest Defendant Suggs and all evidence seized was a direct result of the initial illegal arrest and seizure.

/s/ G. William Bills, Jr.
G. William Bills, Jr.
Pa ID 20133
Attorney for Defendant
437 Grant Street
Pittsburgh, PA  15219
412/261-3340
gwilliambills@yahoo.com

/s/ Samir Sarna
Samir Sarna
Pa ID 310372
429 Fourth Avenue
Suite 1700
Pittsburgh, PA  15219
Ssarna33@gmail.com