IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

TERRY SUGGS

Criminal No. 19-134

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE ORDER DENYING MOTION TO SUPPRESS AND DENYING MOTION FOR FRANK'S HEARING

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney for said district, and hereby submits this Opposition to Defendant's Motion Requesting Court to Reconsider the Order Denying Motion to Suppress and Motion for Frank's Hearing. Doc. No. 189.

### I.   INTRODUCTION

The defendant has filed a motion seeking reconsideration of the Court's rulings (Doc. Nos. 181, 182) on its Motion to Suppress and Motion for a *Frank's* Hearing, which were extensively briefed by the parties, presented to the Court at an evidentiary hearing, further briefed after the hearing, and resolved by the Court in a detailed opinion and findings of fact and conclusions of law. Defendant continues to misapprehend the facts of his case and conflates the law. Defendant has not alleged, because he cannot, that there has been an intervening change in controlling law, there is new evidence, or a clear error of law that warrants the requested relief. For the reasons set forth below, the motion should be denied.

### II.   RELEVANT PROCEDURAL AND FACTUAL HISTORY

On May 8, 2019, a federal grand jury returned a three-count Indictment, charging the

defendant, Terry Suggs, Jr. (the "defendant" or "Suggs"), with conspiracy to distribute 5 kilograms or more of cocaine (Count One) and possession with intent to distribute 5 kilograms or more of cocaine at Count Three.  *See* Doc. No. 19.  On July 8, 2019, Mr. Suggs filed a Motion to Suppress and Brief in Support, arguing that his warrantless arrest was unlawful and the seizure of the Subaru that he was driving was also unlawful.  *See* Doc. Nos. 59, 60.  On August 22, 2019, the government filed its Response in Opposition, maintaining that the warrantless arrest was lawful, based upon probable cause, and the seizure of the vehicle, which Suggs denied any knowledge of, was also lawful.  *See* Doc. No. 70.  One year later, defendant filed an Amendment to Motion to Suppress Evidence, requesting a *Franks* hearing.  *See* Doc. No. 135.

On May 5, 2021, the court held an evidentiary hearing for the pending Motion to Suppress. *See* Doc. No. 169 (Transcript of Proceedings).   The Court identified the issues raised by the defendant in his Motion to Suppress, and to be addressed by the parties, now, as follows: 1) that Suggs' arrest on February 25, 2019, on Grant Street in North Braddock, Pennsylvania, was without probable cause; and, 2) that law enforcement did not have probable cause to seize the Subaru from Grant Street following defendant's arrest.  Tr. at 6:23-7:5.

At the hearing, the government called one (1) witness, North Versailles Township Police Department Detective Mark Hetherington, and admitted several exhibits into evidence. Specifically, Government Exhibits A (DANET Investigative Report – Incomplete) (Doc. No. 70-1), B (DANET Investigative Report – Complete) (Doc. No. 70-2), and C (Allegheny County Laboratory Report) (Doc. No. 70-3).

Defendant declined to call any witnesses at the hearing.  Defendant did, however, seek inclusion of certain exhibits, which were admitted into evidence: Defense Exhibit 1, the transcript of the preliminary hearing in the state court proceeding (referenced herein as Prelim. Hrg. Tr.),

2

and Defense Exhibit 2, the transcript of the detention hearing in this matter. At the conclusion of the hearing, the Court closed the evidentiary hearing and ordered the parties to file proposed findings of fact and conclusions of law.

As directed by the Court, the government filed its Response in Opposition to Defendant's Motion for a *Franks* Hearing on May 12, 2021. *See* Doc. No. 163.

At the request of the defendant, and with the government's consent, the date for filing relevant pleadings on the issue of suppression was extended, *twice,* to July 7, 2021. *See* Doc. Nos. 170 and Minute Entry dated 6/15/2021. On July 7, 2021, the Government filed its Proposed Findings of Fact and Conclusions of Law (*see* Doc. No. 177), and the Defendant filed its Proposed Findings of Fact and Conclusions of Law (*see* Doc. No. 178) as well as its Brief in Support of Motion to Dismiss (*see* Doc. No. 175).

On August 5, 2021, the Court issued its Opinion and Findings of Fact and Conclusions of Law on the Motion to Dismiss and Motion for *Franks* Hearing, denying both motions. *See* Doc. No. 181. In sum, the Court held, that "probable cause existed for Suggs' arrest, the automobile exception applied to the seizure of Suggs' alleged vehicle, and Suggs failed to show that he is entitled to a Franks hearing." *Id.* at p. 2.

On August 25, 2021, the defendant filed a Motion for Reconsideration. *See* Doc. No. 189. And, as explained below, the Court should deny his request for reconsideration.

### III.   LEGAL STANDARD AND ANALYSIS[1]

Although not expressly provided for in the Federal Rules of Criminal Procedure, in this Circuit, motions for reconsideration may be filed in criminal cases. *United States v. Fiorelli*, 337

---

1. The United States incorporates by reference its prior filings and extensive analysis regarding the law governing the issues that were before the Court.

F.3d 282, 286 (3d Cir. 2003). In criminal cases, the court should apply the same standard for motions for reconsideration as those applicable in civil actions. *United States v. Korbe*, Crim. Action No. 2:09-05, 2010 WL 2891509, at *1 (W.D. Pa. July 21, 2010); *United States v. Bonfilio*, Criminal Action No. 09-205, 2017 WL 118404, at *2 (W.D. Pa. January 12, 2017).

To succeed on a motion for reconsideration, the defendant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). A motion for reconsideration should be granted only when: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Allah v. Ricci*, 532 F. App'x. 48, 51 (3d Cir. 2013) (internal citations omitted); *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted). Motions for reconsideration are not designed to provide litigants with a "second bite at the apple," and given the district court's interest in finality, motions for reconsideration should be sparingly granted. *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995); *see also Rottmund v. Cont'l Assurance Co*., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). A motion for reconsideration should not be used to re-litigate issues the court already decided, or to ask a district court to rethink a decision it already made. *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); *Keyes v. Nat'l R.R. Passenger Corp*., 766 F.Supp. 277, 280 (E.D. Pa. 1991).

Here, the defendant has not, and cannot, meet his burden for reconsideration. He makes no mention of the authority on which the Court can even reconsider its Order. Defendant has

presented no intervening change in controlling law, no new evidence, and nothing to suggest the Court must correct a clear error of law or fact or to prevent manifest injustice.

Defendant continues to insist – even in the face of contrary caselaw – that the Court should consider *only* Detective Ray Bonacci's state court preliminary hearing transcript[2]. *See* Doc. No. 189, p. 1. As the Court stated, "The Third Circuit Court of Appeals has instructed that '[t]he ***collective knowledge*** of the investigating officers is measured in determining probable cause[.]'" Doc. No. 181, COL 6 (citing *United States v. Whitfield*, 634 F.3d 741, 745 (3d Cir. 2010) (quoting *United States v. Belle*, 593 F.2d 487, 497 n. 15 (3d Cir.1979)). The Court did consider Det. Bonacci's testimony at the state court preliminary hearing. *See* Doc. No. 181, p. 3. And, the Court also, at it should, considered the "collective knowledge" of the investigating officers, who were involved in the arrest and seizure of Mr. Suggs and the Subaru, including Detective Mark Hetherington, who appeared before *this* Court and testified.

In his Motion, defendant simply disagrees with the Court's ruling and restates erroneous factual and inapplicable legal arguments that he made in his prior filings. The government respectfully avers that defendant's attempt at a second (and third, and fourth), bite at the apple fails. To that end, defendant does not argue that any of the prerequisites for filing a motion for reconsideration apply – no intervening change in the law, no new evidence, and no clear error of fact or law[3].

---

2.  The transcript speaks for itself and defendant's narrow view of the evidence and arguments remain unavailing.

3.  The defendant's arguments regarding *United States v. Butler*, 93 F.Supp.3d 392 (W.D. Pa. 2015), and *United States v. Wagner*, 989 F. 2d 69 (2d Cir. 1993), were contained in his prior briefing and remain unpersuasive.

**IV.   CONCLUSION**

Defendant Suggs has raised no basis that warrants granting his Motion to Reconsider. This Court's Order of August 5, 2021, should stand.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney

/s/ *Rebecca L. Silinski*
REBECCA L. SILINSKI
Assistant United State Attorney
PA ID No. 320774
