IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | **CRIMINAL NO.  19-134** |
| | ) | |
| | ) | **SENIOR JUDGE JOY FLOWERS CONTI** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TERRY SUGGS, JR.,** | ) | |
| | ) | |
| **Defendant,** | ) | |

 MEMORANDUM OPINION

Pending before the court are two, substantially identical, motions for compassionate release filed by defendant Terry Suggs, Jr. ("Suggs") (ECF Nos. 293, 297).  The government filed responses to each motion (ECF Nos. 299, 304), opposing compassionate release on procedural and substantive grounds.  Suggs filed a reply (ECF No. 308).  The motions are ripe for disposition.

Factual and Procedural Background

On May 3, 2022, Suggs was sentenced to 84 months in prison for a cocaine conspiracy pursuant to a Rule 11(c)(1)(C) plea agreement.  On April 19, 2023, the court denied Suggs' request for a sentence reduction for "COVID time," noting that it denied this request on the record at the sentencing hearing because the court (and parties) were bound by the parties' Rule 11(c)(1)(C) agreed sentence.  In other words, the court was required to impose a term of 84 months in prison, once it accepted the parties' binding plea agreement.  (ECF Nos. 289, 290).

The court noted that to the extent Suggs seeks early release based on a BOP "Covid time" policy, his request needed to be directed to the BOP, not the court.

Suggs submitted a request to the warden at FCI Allenwood on April 17, 2023 (ECF No. 293, Ex. I).  He requested early release for the following reasons: (1) he served more than 50% of his sentence; (2) during the height of the COVID-19 pandemic; and (3) his preexisting medical conditions, including asthma, diabetes, high blood pressure, use of an Albuterol inhaler, and the effects of being shot in the leg.  Suggs' request to the warden did not mention his family circumstances.

The pending motions were filed with the court more than 30 days after Suggs' request to the warden was submitted.  In his motions to the court, Suggs seeks early release due to: (1) his preexisting medical conditions; (2) the time spent in detention during the COVID-19 pandemic; (3) to be a caretaker for his grandmother; and (4) his efforts at rehabilitation.

I.      **Legal Analysis**

1.  Exhaustion of administrative remedies

The government argues, as an initial matter, that the court lacks jurisdiction to consider some of the grounds asserted in the pending motion because Suggs failed to exhaust his administrative remedies.

The government concedes, and the court concludes, that Suggs fairly raised his preexisting medical conditions as a basis for release.  The court also concludes that Suggs exhausted his administrative remedies with respect to the conditions of incarceration during the COVID-19 pandemic.  The court will address these reasons on the merits.

Suggs, however, did not raise the need to be a caretaker for his grandmother or his efforts at rehabilitation with the warden. He, therefore, has not exhausted his administrative remedies on those grounds because he did not give the Bureau of Prisons an opportunity to consider them as extraordinary and compelling reasons for compassionate release. *United States v. McNair*, 481 F. Supp. 3d 362, 368 (D.N.J. 2020) ("Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.").[1] Even assuming, arguendo, that Suggs exhausted his administrative remedies, his family circumstances and rehabilitation would not be extraordinary and compelling reasons for compassionate release.

2. Statutory overview

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at n.6. To summarize, to grant Suggs compassionate release under § 3582(c)(1)(A), the court

---

[1] As will be explained below, the court would consider this information as part of the full picture at the § 3553(a) step of the analysis. Unexhausted reasons, however, will not be considered at the threshold step of identifying an extraordinary and compelling reason for compassionate release.

must undertake a three-step analysis to determine whether: (1) extraordinary and compelling reasons exist for his release; (2) compassionate release is warranted in consideration of the § 3553(a) factors; and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

The information that can be considered by the court at each step of the analysis differs. At step 1, the defendant has the burden to show an extraordinary and compelling reason for release. *United States v. Adeyemi*, 470 F.Supp.3d 489, 512 (E.D. Pa. 2020). Not all reasons qualify at this threshold stage. As particularly relevant to Suggs' pending motion, the court is barred by statute from considering his rehabilitation as an extraordinary and compelling reason for release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

By contrast, in evaluating the § 3553(a) factors at step 2 of the analysis, the court can consider a full, updated picture of the defendant. At step 2, the court can consider, among other things, Suggs's rehabilitation and his asserted need to care for his grandmother. *See United States v. Reaves*, No. CR 91-570-09, 2023 WL 2795349, at *3 (E.D. Pa. Apr. 5, 2023) ("postsentencing rehabilitation evidence may be highly relevant to several of the § 3553(a) factors") (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)); *United States v. Johnson*, No. CR 2:08-374, 2021 WL 409830, at *10 (W.D. Pa. Feb. 5, 2021), aff'd, 848 F. App'x 60 (3d Cir. 2021) ("Johnson's efforts to rehabilitate himself while incarcerated are commendable, but do not satisfy his burden to show his entitlement to compassionate release. The court will consider his rehabilitative efforts as part of its assessment of the § 3553(a) factors.").

If the inmate fails to make a "threshold showing" at step 1 that extraordinary and compelling reasons support his release, the court need not reach the § 3553(a) factors. *United*

*States v. Bristol*, No. 21-2398, 2021 WL 4775408, at *2 (3d Cir. Oct. 13, 2021).  On the other hand, a court may assume, arguendo, that an extraordinary and compelling circumstance exists, but deny compassionate release based on the § 3553(a) factors.  *Id.* (citation omitted).  Suggs' motion fails at step 1 of the analysis.

### 3.   Extraordinary and compelling reasons

"Congress did not define 'extraordinary and compelling reasons' except to provide 'rehabilitation…alone' does not suffice." *Adeyemi*, 470 F.Supp.3d at 499 (quoting 28 U.S.C. § 994(t)). The Third Circuit Court of Appeals explained that "compelling and extraordinary" reasons for the reduction of a sentence are "defined by the commentary to policy statement U.S.S.G. § 1B1.13." *United States v. Handerhan*, 789 F. App'x 924, 925 (3d Cir. 2019) (citing *United States v. Barberena*, 694 F.3d 514, 521 n.10 (3d Cir. 2012)). "That commentary currently lists four categories of such reasons: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1.). *See United States v. Somerville*, No. 2:12-CR-225, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).

"The starting point in discerning congressional intent is the existing statutory text[.]" *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute, and, therefore, the court must give the terms their "'ordinary meaning.'" *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). The court in *Somerville* provided a useful explanation:

The word "extraordinary" is commonly understood to mean "going beyond what is usual, regular, or customary," or "exceptional to a very marked extent." *Extraordinary*, Merriam-Webster Dictionary (2020); see also *Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary, regular, or common.").

The word "compelling" means "forceful," "demanding attention," or "convincing." *Compelling*, Merriam-Webster Dictionary (2020); see also *Compelling Need*, Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or injustice would result if it is not met.").

Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate).

*Somerville*, 2020 WL 2781585, at *7.

4.  Application to Suggs' asserted grounds

Suggs presents several grounds for the court to consider: (1) his preexisting medical conditions (2) the time spent in detention during the COVID-19 pandemic; (3) to be a caretaker for his grandmother; and (4) his efforts at rehabilitation.

As explained above, the court concludes that Suggs exhausted his administrative remedies with respect to the first two grounds, and they will be addressed on the merits. The court will also briefly review the remaining grounds to explain why they would not constitute an extraordinary and compelling basis for compassionate release, even if Suggs had exhausted his administrative remedies.

a. Medical condition

Suggs seeks compassionate release due to his potential exposure to COVID-19, even though he has been fully vaccinated. (ECF No. 293 at 7 and attached medical records). He recognizes that none of his conditions is listed by the CDC as a severe COVID risk factor,

(ECF No. 293 at 9), but argues that in combination, he has a reduced immune system (ECF No. 297 at 5).  In addition, Suggs argues that FCI Allenwood is unable to attend to his medical needs.[2]  Suggs points to his asthma, essential (primary) hypertension, hyperlipidemia, obesity, type II diabetes mellitus, and the effects of having a bullet in his leg.  Suggs attached several pages of medical records to his motions (ECF Nos. 293-1, 297-1).  The government filed a more comprehensive set of medical records under seal (ECF No. 301).

The commentary to the sentencing guideline policy statement defines the kinds of medical conditions that might serve as an extraordinary and compelling reason for compassionate release as: (i) "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia"; or (ii) a serious physical or medical condition, functional or cognitive impairment, or deterioration due to the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. 1B1.13 cmt. 1(A).

Suggs does not have a terminal illness.  There is no evidence that the prison environment exacerbates Suggs' conditions and it appears that he would experience the same symptoms if he were released.  There is no evidence that his ability to provide self-care in the correctional environment is diminished (in any way that would not be common to all inmates).  At age 39, there is no evidence that Suggs' impairments are due to the aging process.  On December 27, 2022, he denied any mobility problems.  (ECF No. 301 at 5).  His hypertension, diabetes and asthma are being treated with medications (ECF No. 301 at 96-97).  Suggs refused medication for his hyperlypidemia (ECF No. 301 at 30).  His BMI is 29.4, which

---

[2] Suggs did not address the adequacy of his medical care at FCI Fort Dix.

makes him overweight, but not obese (ECF No. 301 at 27).   In sum, Suggs does not have medical conditions similar to those identified in the policy statement.

With respect to COVID-19, Suggs "has the burden to produce evidence to show that: (1) he faces a uniquely high risk of grave illness or death if infected or reinfected by the COVID-19 virus, considering his underlying medical conditions and age and the protective effects of the vaccine; and (2) he faces a non-speculative risk of contracting or recontracting the COVID-19 virus, considering both the risk of exposure at [his place of confinement] and the preventative effects of the vaccine." *United States v. Briston*, No. CR 05-321, 2022 WL 5109085, at *6 (W.D. Pa. Oct. 5, 2022).   In light of Suggs' vaccinations and the current status of the pandemic[3], Suggs did not demonstrate that he faces an extraordinary and compelling risk from the COVID-19 virus.

To the extent Suggs believes his medical care at his place of confinement violates his constitutional rights, the proper vehicle for that challenge is § 1983; not a motion for compassionate release.   *United States v. Coutinho-Silva*, No. CR 10-002, 2022 WL 3448636, at *5 (E.D. Pa. Aug. 17, 2022) (motion for compassionate release is not the proper vehicle to challenge unconstitutional conditions of confinement).   Since Suggs is not incarcerated within the Western District of Pennsylvania, this court lacks jurisdiction to consider such a motion.   *See Torres v. Lane,* No. 4:CV-16-703, 2016 WL 2897657, at *1 (M.D. Pa. May 18, 2016)

b. Harshness of confinement during COVID-19

Almost by definition, the conditions of confinement cannot serve as "extraordinary" reasons for compassionate release because those conditions are not unique or exceptional --

---

[3]  There were no open COVID-19 cases at FCI Allenwood when Suggs left that facility. www.bop.gov/about/statistics/statistics_inmate_covid19.jsp, last visited 8/9/2023.   On August 9, 2023, Suggs filed a notice that he is now at FCI Fort Dix, New Jersey.   There is 1 open COVID-19 case at FCI Fort Dix.   *Id.*, last visited 8/28/2023.

they apply equally to all persons confined.  *United States v. McFadden*, No. CR 15-376-04, 2023 WL 3204012, at *2 (E.D. Pa. May 2, 2023) (citations omitted) (harsh conditions apply to all inmates). All inmates experienced restrictive measures during the COVID-19 pandemic. Suggs did not articulate any reason why he would be particularly susceptible to those conditions.  To repeat, an Eighth Amendment challenge must be raised in the district in which Suggs is confined.

> c. Family circumstances

As explained above, Suggs failed to exhaust his administrative remedies on this ground.[4]  Even if the court considered it, Suggs failed to meet his burden to show that his asserted need to care for his grandmother would be an extraordinary and compelling reason for early release.

The current policy statement in U.S.S.G. § 1B1.13 explains that the "family circumstances" category does not extend to care of grandparents.  It applies to two narrow situations:(1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C).

The court is aware that the Sentencing Commission adopted an amendment to § 1B1.13 (effective November 1, 2023), which broadens the family circumstances that may warrant compassionate release:

> (3) Family Circumstances of the Defendant.—
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older

---

[4] Suggs should present to the warden all the family circumstances which he asserts warrant compassionate release.

and incapable of self-care because of a mental or physical
disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner
when the defendant would be the only available caregiver for the
spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant
would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed
in paragraphs (3)(A) through (3)(C) exist involving any other
immediate family member or an individual whose relationship with
the defendant is similar in kind to that of an immediate family
member, when the defendant would be the only available caregiver
for such family member or individual. For purposes of this
provision, 'immediate family member' refers to any of the
individuals listed in paragraphs (3)(A) through (3)(C) as well as a
grandchild, grandparent, or sibling of the defendant.

https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-
amendments/202305_Amendments.pdf, last visited August 29, 2023.

Care of grandparents is not listed.  Arguably, however, the need to care for an
incapacitated grandparent could be similar to the need to care for an incapacitated parent.
Suggs would have the burden to show the similarity.  Suggs would also have to prove that he
is "the only available caregiver."

In *United States v. Everett*, No. 2:12-CR-162, 2021 WL 322182, at *1 (W.D. Pa. Feb.
1, 2021), the court rejected a request based on a need to care for parents and explained that
because many inmates desire to care for aging and sick parents, such a circumstance is not
extraordinary.  *Id.*  In *Everett*, the court also noted that the inmate failed to meet his burden to
demonstrate that he was the only person able to provide care.  The court noted that the inmate
had two siblings and failed to demonstrate that his "siblings cannot provide assistance to his
mother or obtain outside nursing care on her behalf."  *Id.* at *2.

In this case, Suggs explains that his grandmother was severely injured in a car accident and her doctors are located in Philadelphia, PA. Suggs did not demonstrate that he is the only person who can ensure that his grandmother gets her medications, makes her medical appointments and is fed. The record reflects that Suggs has at least three close relatives (ECF No. 293 at 12-13). His grandmother currently lives with Suggs' sister, who is moving to Atlanta, GA.; there is another grandson, who is going away to college; and Suggs represents that he would live with his aunt (the grandmother's oldest daughter) if released. Indeed, Suggs states that he "has a family ready to support him and a life to build if released." (ECF No. 293 at 13). The court reserves ruling on whether other family members' voluntary decisions to move away constitute the type of "unavailability" that would warrant compassionate release. In sum, on this record, Suggs did not show an extraordinary and compelling reason for compassionate release.

d. Rehabilitation

Suggs' rehabilitation is expressly barred by statute from serving alone as an extraordinary and compelling reason for compassionate release. The court commends Suggs for engaging in educational and self-help programs while incarcerated. The court encourages him to keep a positive outlook and continue to prepare for successful reintegration to the community. At the § 3553(a) stage of the analysis, the court would consider these factors, along with all other updated information about Suggs. At this threshold stage, however, his rehabilitation cannot serve as an extraordinary and compelling reason for compassionate release. *See Johnson*, 2021 WL 409830, at *10 ("Johnson' efforts to rehabilitate himself while incarcerated are commendable, but do not satisfy his burden to show his entitlement to

compassionate release. The court will consider his rehabilitative efforts as part of its assessment of the § 3553(a) factors.").

Conclusion

In summary, Suggs did not meet his threshold burden to identify an extraordinary and compelling reason for compassionate release. The court, therefore, did not need to reconsider the § 3553(a) sentencing factors.

In accordance with the foregoing, Suggs' motions for compassionate release (ECF Nos. 293, 297) will be denied without prejudice.

An appropriate order follows.

BY THE COURT:

Dated: August 29, 2023          /s/ Joy Flowers Conti

Joy Flowers Conti
Senior United States District Judge